**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
(Scranton)

| | | |
|---|---|---|
| **AMANDA AYALA** | : | |
| **f/k/a AMANDA HOOVER** | : | **C.A. NO.:** |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **BLOOMING GROVE HUNTING AND** | : | |
| **FISHING CLUB** | : | |
| **Defendant** | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

## I.   PRELIMINARY STATEMENT

Plaintiff, Amanda Ayala f/k/a Amanda Hoover ("Plaintiff"), through her undersigned counsel, brings this civil action against Defendant Blooming Grove Hunting and Fishing Club ("Defendant"). This is an action for damages arising from Defendant's unlawful acts of sex/ pregnancy discrimination, discrimination based on family responsibilities and status as a mother, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq*. ("PHRA"),

## II.   PARTIES

1.     Plaintiff is an adult woman and U.S. Citizen who resides in Puerto Rico.

2.     Defendant Blooming Grove Hunting and Fishing Club is a non-profit corporation based in Pennsylvania with a principal place of business located at 123 Old Field Road, Hawley, Pennsylvania 18428.

3.     At all pertinent times hereto, Defendant was Plaintiff's "employer" as that term is defined in the statutory law forming the bases of the claims in this matter.

1

4. At all pertinent times hereto, Defendant acted by and through its authorized agents, servants, and/or employees within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §1331, as this action arises under federal law prohibiting employment discrimination.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims arise out of the same circumstances as Plaintiff's federal claims.

7. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant is located in this district and the events giving rise to this action occurred within this district.

8. On or about May 4, 2023, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

9. On or about August 23, 2024, the EEOC issued to Plaintiff a Dismissal and Notice of Right to Sue.

10. Plaintiff has thus filed this action within 90 days of receiving the Dismissal and Notice of Right to Sue from the EEOC.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff began working for Defendant in or about 2002 as a waitress on a seasonal basis. Her exceptional work performance and dedication led to two full-time promotions: first to Lead Server in 2019 and subsequently to Grill Room Manager on or about April 1, 2022.

12.     As Grill Room Manager, Plaintiff reported directly to Jeanette Liddy, Dining and Special Events Manager. Plaintiff consistently received positive feedback and demonstrated leadership in her role.

13.     In December 2021, Plaintiff learned that she was pregnant.

14.     In or about April 2022, Plaintiff approached Defendant's Human Resources Director, Jean Bielman, to ask a routine procedural question. During this conversation, Bielman asked whether Plaintiff was pregnant, citing rumors she had heard. Plaintiff confirmed her pregnancy.

15.     Shortly thereafter, Plaintiff informed her direct supervisor, Liddy, and Executive Chef, Stevan Sundberg, of her pregnancy.

16.     Liddy reacted to the news with visible distress, expressing concerns about Plaintiff's impending maternity leave and insisting that Plaintiff report her pregnancy to General Manager, Scott Savini.

17.     Following Plaintiff's pregnancy disclosure, Defendant began to subject her to adverse treatment, including the removal of her administrative responsibilities such as billing and scheduling. These duties were reassigned to Liddy without explanation.

18.     On or about May 24, 2022, Plaintiff provided Defendant with a doctor's note restricting her from performing heavy lifting due to her pregnancy.

19.     On or about June 10, 2022, Plaintiff commenced maternity leave due to the high-risk nature of her pregnancy, as documented by her medical provider.

20.     During Plaintiff's maternity leave, Defendant exhibited hostility and resistance toward accommodating her eventual return.

21.     Plaintiff gave birth to her child on or about June 26, 2022.

3

22. On or about August 23, 2022, Plaintiff was summoned to a meeting with Liddy, Sundberg, and Savini, during which she expressed her readiness to return to work without restrictions.

23. Despite Plaintiff's ability to fully resume her role, Defendant informed her that Liddy would permanently assume management of the bar, effectively demoting Plaintiff to waitress and bartender roles.

24. Defendant further reduced Plaintiff's weekly hours from 40–45 hours per week to about 20 hours per week, significantly impacting her income and forcing her to use paid time off to make up for lost wages.

25. Plaintiff was excluded from managerial meetings, including the Food Steering Committee, Safety Committee, and planning meetings, which she had regularly attended before her pregnancy.

26. Defendant also began to assign lucrative private party shifts to other employees, such as Lead Server, Meditz, instead of Plaintiff.

27. Liddy treated Plaintiff with overt hostility, avoiding conversations and interactions with Plaintiff while maintaining friendly relationships with other employees.

28. On or about September 4, 2022, Plaintiff informed Liddy that she had stopped breastfeeding in order to return to work full-time. In response, Liddy suggested that Plaintiff reduce her hours to spend more time with her family.

29. On or about October 5, 2022, Plaintiff submitted a formal complaint of sex discrimination via email to Sundberg, detailing Liddy's micromanagement, reduction of hours, exclusion from meetings, and discriminatory treatment.

30.    In retaliation for her complaint, Plaintiff was berated in a meeting on October 7, 2022, where Liddy and Savini accused Plaintiff of being "delusional" and a "liar."

31.    Following this meeting, Plaintiff was informed that her concerns would be further investigated in another meeting, creating a retaliatory chilling effect.

32.    On or about February 10, 2023, Defendant terminated Plaintiff's employment, citing financial reasons and a need to eliminate "fixed wage" positions. This justification was false, as Plaintiff held a variable wage position.

33.    Defendant's articulated reason was pretextual. Plaintiff's termination was the culmination of ongoing sex and pregnancy discrimination, as well as retaliation for her protected complaints.

## COUNT I
### Title VII
### Sex Discrimination
### Plaintiff v. Defendant

34.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

35.    Defendant subjected Plaintiff to adverse employment actions, including, but not limited to, removing key job responsibilities from Plaintiff; reducing her hours and income; demoting Plaintiff to a non-managerial role; excluding her from managerial meetings; and ultimately terminating her employment.

36.    Defendant's actions were motivated by Plaintiff's sex, pregnancy, and/or status as a mother, in violation of Title VII.

37.    As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered economic loss, emotional distress, humiliation, and damage to her professional reputation.

**COUNT II**
**Title VII**
**Retaliation**
**Plaintiff v. Defendant**

38.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

39.    Defendant retaliated against Plaintiff for complaining about sex discrimination in violation of Title VII, resulting in her termination.

40.    As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered economic loss, emotional distress, and other damages.

**COUNT III**
**PHRA**
**Sex Discrimination**
**Plaintiff v. Defendant**

41.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

42.    Defendant subjected Plaintiff to adverse employment actions, including, but not limited to, removing key job responsibilities from Plaintiff; reducing her hours and income; demoting Plaintiff to a non-managerial role; excluding her from managerial meetings; and ultimately terminating her employment.

43.    Defendant's actions were motivated by Plaintiff's sex, pregnancy, and/or status as a mother, in violation of the PHRA.

44.    As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered economic loss, emotional distress, humiliation, and damage to her professional reputation.

## COUNT IV
## PHRA
## Retaliation
## Plaintiff v. Defendant

45.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

46.     Defendant retaliated against Plaintiff for complaining about sex discrimination in violation of the PHRA, resulting in her termination.

47.     As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered economic loss, emotional distress, and other damages.

## RELIEF

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically requests that this Court grant her the following relief by:

(a)     declaring the acts and practices complained of herein to violate Title VII;

(b)     declaring the acts and practices complained of herein to violate the PHRA;

(c)     enjoining and permanently restraining the violations alleged herein;

(d)     entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(e)     awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(f)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, damage to reputation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

7

(g)    awarding punitive damages to Plaintiff;

(h)    awarding Plaintiff any other damages that are appropriate under Title VII and the PHRA;

(i)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j)    granting any other relief that this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

<u>**JURY TRIAL DEMAND**</u>

Plaintiff demands a trial by jury.

**THE GOLD LAW FIRM, P.C.**

By: <u>/s/ Brian C.  Farrell, Esquire</u>
Brian C. Farrell, Esquire
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
bfarrell@discrimlaw.net
*Attorney for Plaintiff*
*Amanda Ayala f/k/a Amanda Hoover*

Dated:  November 19, 2024

8